Pursuant to SCR 3.165(1)(b) and (d), the Inquiry Commission of the Kentucky Bar Association (KBA) petitions this Court for an order temporarily suspending David B. Gray from the practice of law. Gray's KBA number is 82993 and his bar roster address is 1211 Crosstimbers Drive, Louisville, Kentucky 40245, For the following reasons, we grant the Commission's petition for temporary suspension.
Gray represented his client in a civil case in Jefferson Circuit Court, the trial for which was held in December 2017. On the last day of trial, Gray delivered an hour-long closing argument. Gray's demeanor and performance during the argument concerned the trial judge, and after the jury returned its verdict against Gray's client, the trial judge asked Gray to submit to a breathalyzer test. Gray acquiesced and blew a .337 on the breathalyzer. Emergency medical services were called and Gray was taken to a local hospital by ambulance.
SCR 3.165(1) provides in pertinent part:
On petition of the Inquiry Commission, authorized by its Chair, or the Chair's lawyer member designee, and supported by an affidavit, an attorney may be temporarily suspended from the practice of law by order of the Court provided:
...
(b) It appears that probable cause exists to believe that an attorney's conduct poses a substantial threat of harm to his clients or to the public; or
...
(d) It appears that probable cause exists to believe that an attorney is mentally disabled or is addicted to intoxicants or drugs and probable cause exists to believe he / she does not have the physical or mental fitness to continue to practice law.
Attaching several affidavits, the Commission asserts there is probable cause and a reasonable basis to believe Gray poses a substantial threat of harm to his clients or the public and that he does not have the *696 physical or mental fitness to continue to practice law. In his response, Gray does not deny that he has an alcohol problem.
Through counsel, Gray asserts he is taking steps to address his alcohol problem. Gray's counsel insists that his client is currently in a sixty-day rehabilitation program, which he entered after completing a medical detoxification program at a hospital. Gray's counsel maintains that he has conferred with Bar Counsel and reached an agreeable resolution to this matter. Further, he asserts that Bar Counsel authorized him to advise this Court of that agreement. However, the Commission has made no further motions in this matter, nor has Gray submitted any affidavits or other proof of this purported agreement.
Gray requests the Court to impose the following conditional resolution of the Commission's petition;
1. Mr. Gray shall complete the rehabilitation program, shall complete the after-care recommended by his treating healthcare professionals, and shall maintain compliance with the terms and provisions of a KYLAP [Kentucky Lawyer Assistance Program] agreement;
2. Mr. Gray shall enter into and maintain compliance with an appropriate agreement with KYLAP of five years['] duration, and shall maintain in effect his previously-executed Authorization so the Office of Bar Counsel may directly communicate with KYLAP;
3. Mr. Gray shall submit status reports to the Office of Bar Counsel regarding his in-patient rehabilitation every thirty days, and thereafter every ninety days regarding his compliance with the terms of the KYLAP Agreement during the duration of the KYLAP Agreement; and
4. In the event Mr. Gray does not satisfy these conditions, the Office of Bar Counsel may file a Motion for Contempt for his failure to comply with the Order of this Court providing for the within conditional resolution of the Petition.
While this alleged agreement between Gray and Bar Counsel seems reasonable, this case did not come before the Court as a negotiated sanction pursuant to SCR 3.480(2), nor has the Commission indicated its agreement to the terms set forth by Gray. Gray has requested that "[i]n the event this Court believes additional information and documentation should be provided before this Court may rule on pending matters, Mr. Gray, through counsel, [be given] the opportunity to provide such additional information and documentation before this Court considers the relief and resolution requested...." However, the purpose of a temporary suspension is to protect an attorney's clients and the public from a substantial threat of harm before the matter may be fully adjudicated. Because the Commission has shown probable cause that such a substantial harm exists, we hereby temporarily suspend Gray from the practice of law.
Therefore, it is hereby ORDERED that:
1. David B. Gray is temporarily suspended from the practice of law in the Commonwealth of Kentucky, effective upon the date of entry of this order, pending further orders from this Court;
2. Disciplinary proceedings against Gray shall be initiated by the Commission pursuant to SCR 3.160, unless already begun or unless Gray resigns under terms of disbarment;
3. Pursuant to SCR 3.165(5), Gray shall, within twenty (20) days from the date of entry of this order, notify all clients in writing of his inability *697 to continue to represent them. He shall furnish copies of all such letters to the Director of the Kentucky Bar Association; and
4. Pursuant to SCR 3.165(6), Gray shall immediately, to the extent reasonably possible, cancel and cease any advertising activities in which he is engaged.
John D. Minton Jr.
CHIEF JUSTICE
All sitting.
All concur